UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6105-CR-ROETTGER

UNITED STATES OF AMERICA,

vs.

JOSE MEDINA,

Defendant.

_____/



## DETENTION ORDER

Pursuant to Title 18 U.S.C. § 3142(f), on May 16, 2000, a hearing was held to determine whether the defendant, **Jose Medina**, should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions of release will reasonably ensure either the appearance of this defendant as required or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant, **Jose Medina**, be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1.    The defendant is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Therefore, the defendant is charged with a crime of violence. 18 U.S.C. § 3142(g)(1).

2.    The Court received credible evidence that the defendant committed the offense with which he has been charged.  On or about April 10, 2000, at 2:30 a.m., police officers observed the defendant riding a bicycle without a headlight.  The absence of a headlight at that hour of the morning - a violation of state law - aroused suspicion in the police officers, who motioned the defendant to approach.  The defendant, however, accelerated away in a different direction.  The officers followed and observed the defendant throw an item to the ground in a parking area.  The officers then pulled in front of the defendant with their vehicle and forced him to stop.  They observed that the defendant had a head wound and had been bleeding. They placed him in custody and returned to the parking area to retrieve the item the defendant had discarded.  They discovered that the discarded item was a firearm.[1]  Later, from the back seat of the police vehicle, the defendant made a spontaneous statement, asking the officers what they had done with the firearm. 18 U.S.C. § 3142(g)(2).

3.    The pertinent history and characteristics of the defendant are significant to this Court's assessment of his candidacy for bond.  The defendant was born in Cuba and is not a citizen of the United States.  The INS has a pending administrative warrant of removal for him, and he told Pretrial Services that he is an INS parole violator.

The defendant told Pretrial Services that he is one of seven children,that his parents live in Cuba and Miami, and that his siblings all reside in Cuba.  The defendant's cousin, however, provided different names for the defendant's parents and listed only one sibling. Both the cousin and the defendant confirmed that he (the defendant) is not married and

[1] The Pretrial Services Report reflects that the defendant is a convicted felon.

2

does not have any children.

The defendant told a Pretrial Services officer that he works as a cook for a seafood restaurant in Fort Lauderdale. However, the defendant could not recall the name or the telephone number of the restaurant. The defendant reports assets of only modest value.

Although the defendant claims to have resided in this community for fifteen years, a review of his criminal record reflects that he has spent a considerable portion of that time in prison.

The Pretrial Services Report reflects that the defendant has an extensive criminal record, which includes the following arrests: burglary of a conveyance (1981); vehicle theft (1983); kidnapping (1984); sex offense against child/burglary with assault/possession of cocaine (1988); possession of cocaine (1990); misdemeanor theft (1992); unoccupied business burglary/occupied business burglary/tampering with victim witness/criminal mischief (1995); grand larceny/resisting police without violence/threats to police officers (1995); misdemeanor battery/misdemeanor petty larceny (1996); burglary of an unoccupied structure/disorderly conduct (1996); and burglary of an unoccupied structure/resisting officer without violence (1998). In addition, the Report reflects that the defendant has been convicted of the following offenses: burglary with assault (adjudication withheld)/possession of cocaine (1988); possession of cocaine (1990); misdemeanor theft (1992); occupied business burglary/tampering with victim witness/criminal mischief (1997); resisting police without violence (1995); burglary of an unoccupied structure/disorderly conduct (1995); and burglary of an unoccupied structure (1998). The Government proffered that, if convicted, the defendant would face a minimum of fifteen years imprisonment as an armed career criminal.

3

The defendant's unstable residential ties and questionable employment ties to the community, his immigration status as a parole violator, and his prospect of a substantial prison term lead the undersigned to conclude that he would not be likely to appear if released on bond prior to trial. 18 U.S.C. § 3142(g)(3)(A) and (B)

4.    The defendant has an extensive criminal history that includes at least eleven arrests and six convictions. Furthermore, he had been out of prison only two months at the time he allegedly committed the instant offense. Accordingly, the defendant constitutes a danger to the community. 18 U.S.C. § 3142 (g)(4).

5.    The Court specifically finds that there is no condition or combination of conditions of release that reasonably will ensure either the defendant's appearance as required or the safety of any other person and the community.  18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a risk of flight if released on bond prior to trial and a danger to the community. The Court hereby directs:

1.    That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

2.    That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3.    That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an

4

appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this _____ day of May 2000.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

Honorable Norman C. Roettger
United States District Judge

Timothy Day, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Steven Petri, Esquire
United States Attorney's Office

United States Marshal

United States Pretrial Services

5