UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6105-CR-ROETTGER

UNITED STATES OF AMERICA, :

    Plaintiff, :

vs. :

JOSE MEDINA, :

    Defendant. :
_____/

AUG 2 1 2000

CLERK, USDC / SDFL / FTL

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

The defendant, Jose Medina, through counsel, files this Motion to Suppress Physical Evidence and Statements and as grounds in support thereof states as follows:

1. On April 10, 2000, Jose Medina was riding a bicycle northbound on S.W. 38th Terrace in Fort Lauderdale, Florida. It was approximately 1:30 a.m.

2. Broward Sheriff Deputies Caudill and Johnson were patrolling the 200 block of S.W. 38th Terrace when they observed Mr. Medina. The deputies approached Mr. Medina intending to stop him. The deputies claim they were stopping Mr. Medina to investigate the offense of driving a bike without a light.

3. Deputies also stopped Mr. Medina because there had been previous burglaries in that area. However, they were not responding to a burglary call and there were no burglaries reported in that area on their shift that evening.

21

4.  The deputies were traveling in the opposite direction of Mr. Medina when they first observed him and immediately made a U-turn to stop him.

5.  The deputies claim they pulled alongside Mr. Medina and motioned for him to come to them and stop. Mr. Medina complied. When Mr. Medina got in close proximity to the deputies he then began to peddle away, according to the officers. The deputies followed Mr. Medina in their vehicle, "headed him off", and forced him to stop.

6.  As some time prior to the stop, deputies claim they observed Mr. Medina drop an object from his person. Later they allegedly retrieved the object from a parking lot. It turned out to be a firearm.

7.  Mr. Medina was arrested for loitering, handcuffed and taken into custody. While he was in the patrol car, deputies claim that Mr. Medina made the statement, "what have you done with my gun". Neither deputy noted this statement in a report. This statement was not made known to anyone until April 20, 2000, when Deputy Caudill was interviewed by ATF Agent Steve Meyer. Agent Meyer was interviewing the deputy in reference to potential federal prosecution of Mr. Medina.

## MEMORANDUM OF LAW

To effectuate the stop of a citizen the police must have a reasonable suspicion of criminal activity. Terry v. Ohio, 392 U.S. 1, 21-22 (1968). The government must point to specific and articulable facts that, taken together with rational inferences drawn from those facts, reasonably suggest criminal activity has occurred or is imminent. Id. at 21. Inarticulable hunches or generalized suspicions are insufficient. United States v. Tapia, 912 F.2d 1367, 1371 (11th Cir. 1990).

In the instant case, deputies did not observe facts that created a reasonable suspicion of

2

criminal activity. It is difficult to believe that two deputies would stop an individual at 1:30 a.m. for the minor infraction of driving a bike without a light. It is much more reasonable that deputies had a generalized belief or hunch that Mr. Medina may have been involved in unspecified criminal activity. However, nothing the deputies observed supported this belief. The deputies were not responding to a burglary call and there were no burglaries reported in that area on their shift that evening. Accordingly, the stop and seizure was based on less than a reasonable suspicion and violated the Fourth Amendment to the United States Constitution.

Furthermore, the alleged statement made by the defendant was given without the benefit of warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). Additionally, the statement was not a voluntary one. Colorado v. Connely, 479 U.S. 157 (1986). Therefore, the statement was taken in violation of the Fifth Amendment to the Unites States Constitution.

WHEREFORE, the defendant requests that this court suppress physical evidence and statements.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____

Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this ___2___ day of August, 2000 to Steve Petrie, Esquire, United States Attorney's Office, 299 E. Broward Blvd., Fort Lauderdale, Florida 33301.

_____
Timothy M. Day

S:\DAY\Medina\Suppress.01 wpd

4